IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JADE GREEN,              )<br>                          )<br>    Plaintiff,          )<br>                          )<br>    v.                    )<br>                          )<br>CHRIS QUICK, RUSSELL ADAMS, JACK )<br>HOWSER and ANGELA HOWSER,  )<br>                          )<br>    Defendants.           ) | Case No. 3:16-cv-863-MJR-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Plaintiff, Jade Green, filed this suit on July 29, 2016, alleging Defendants Chris Quick, the State's Attorney for Lawrence County, Illinois, Russell Adams, the Sheriff of Lawrence County, Angela Howser, Plaintiff's mother, and Jack Howser, Plaintiff's stepfather, violated her constitutional rights. Soon after filing her complaint, Plaintiff filed a series of motions related to service, or the inability to effect service, on defendants. These motions, including Plaintiff's motion to issue summons and to assess costs (Doc. 5), motion to assess costs (Doc. 26), motion for extension of time to serve defendants (Doc. 27), and motion for pre-judgment attachment order (Doc. 28), are now before the Court.

**MOTION TO ISSUE SUMMONS AND TO ASSESS COSTS (DOC. 5) AND MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS (DOC. 27)**

In this motion, Plaintiff asserts that she mailed a copy of the complaint, along with a Notice of Lawsuit and Waiver of Service of Summons to Angela and Jack Howser ("the Howser Defendants"); however, Plaintiff claims that the Howser Defendants failed, and refused to pick up their certified mail from the post office and did not execute the waivers of service necessary to

serve them with process. Accordingly, Plaintiff asks the Court to enter an order directing the Clerk to issue summonses for the Howser Defendants, authorize that the summonses be served by the United States Marshal's office, and assess the costs of said service to the Howser Defendants. Also, Plaintiff asks the Court to award $700.00 in attorney's fees incurred in bringing this action, preparing the summonses and effectuating service upon the Howser Defendants.

With respect to Plaintiff's request that the Clerk issue summonses for the Howser Defendants and authorize that the summonses be served by the United States Marshal's office, her motion is **GRANTED**. The Clerk of Court is **DIRECTED** to re-issue summonses for service of process on Defendants Angela Howser and Jack Howser by the United States Marshal Service and the United States Marshal Service is **DIRECTED** to serve the complaint on Defendants Angela and Jack Howser.

Insofar as Plaintiff's motion requests that the cost of service be assessed to the Howser Defendants and that she be awarded $700.00 in attorney's fees, her motion is **DENIED WITHOUT PREJUDICE**. Plaintiff has failed to provide sufficient evidence for the Court to award fees or assess costs of service at this time. More specifically, while Rule 4 of the Federal Rules of Civil Procedure indicates that the court must impose on a defendant who fails to return a waiver the expenses later incurred in making service and reasonable expenses, including attorney's fees, such imposition of costs may only occur if the waiver was not returned without good cause. In this instance, there is insufficient evidence to establish that the Howser Defendants' failure to waive service was without good cause. Further, Plaintiff has failed to substantiate her request for $700.00 in attorney's fees. If Plaintiff again seeks costs, including attorney's fees, associated with serving the Howser Defendants, she is directed to provide evidence to substantiate the costs and fees she seeks.

In light of this Order, Plaintiff's Motion for Extension of Time to Serve Defendants Angela Howser and Jack Howser (Doc. 27) is **GRANTED**.  Plaintiff is **GRANTED** an extension of time, up to and including **January 13, 2017**, to effect service upon Defendants Angela Howser and Jack Howser.

### MOTION TO ASSESS COSTS (DOC. 26)

In this motion, Plaintiff asks the Court to enter an order assessing costs against Defendant Quick and Defendants Angela and Jack Howser in the amount of $525.00 (1 1/2 hours) for attorney's fees and $338.08 for service costs, due to these Defendants' failure to file their waiver of service of summons or entry of appearance "within the time allowed by Rule."  Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.  Plaintiff's motion must be denied at this time as it is not sufficiently substantiated.  First, Plaintiff has not indicated on what date the waivers were sent to each defendant and, moreover, Plaintiff failed to attach the waivers in support of this motion to evidence proper service.  Further, although Plaintiff indicates that Defendants failed to file their waivers "within the time allowed by Rule", she failed to specifically cite what rule she is referring to.  Notably, Rule 4 of the Federal Rules of Civil Procedure provides that defendants should be given a "reasonable amount of time of at least 30 days after the request was sent" to return the waiver.  As it is not clear what date the waivers were sent and when they were directed to be returned, Plaintiff has failed to establish that the waivers were returned out of time. Moreover, Rule 4 only allows Plaintiff to receive expenses, including attorney's fees, if the defendant's failure to return the waiver was without good cause.  This issue has not been addressed by Plaintiff.  Finally, Plaintiff has failed to provide substantiation for the costs and fees she seeks.  For these reasons, Plaintiff's motion to assess costs is **DENIED WITHOUT PREJUDICE**.  Plaintiff is **GRANTED LEAVE** to refile this motion, provided she corrects the

deficiencies pointed out in this Order.

### MOTION FOR PRE-JUDGMENT ATTACHMENT ORDER (DOC. 28)

In this motion, Plaintiff asks the Court to enter an order for attachment to assert jurisdiction over the Howser Defendants, accept the Bond filed by Plaintiff , direct that the Sheriff of Richland and Saline counties attempt service upon the Howser Defendants, and direct the Clerk to publish notice in Saline and Richland counties, as provided by statute. Plaintiff's motion is **DENIED**. The Court has reviewed the authority provided by Plaintiff in her motion and finds that it does not support a finding that attachment in this instance is appropriate based on the evidence before the Court. Moreover, any request for attachment is premature as no default judgment against the Howser Defendants has been sought, or entered, and the Court has directed that service upon the Howser Defendants be effected by the United States Marshal's office.

**IT IS SO ORDERED.**

**DATED: November 30, 2016**

　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**