IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JADE V. GREEN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:16-cv-0863-MJR-DGW |
|  | ) |  |
| CHRIS QUICK, | ) |  |
| RUSSELL ADAMS, | ) |  |
| JACK HOWSER, and | ) |  |
| ANGELA HOWSER, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

### I. Introduction

This matter is now before the Court on Defendants Jack and Angela Howsers' Motion to Dismiss (Doc. 56) seeking dismissal from the suit for lack of subject matter jurisdiction. The underlying dispute is a claim by Plaintiff, Jade Green, that the Howsers conspired with Defendants Chris Quick and Russell Adams to deprive her of custody of her child (Doc. 1). Plaintiff relies on 18 U.S.C. Section 1983 as a basis for federal jurisdiction. The Court already denied Motions to Dismiss filed by Defendants Quick and Adams (Docs. 30, 31), finding that they did not carry the burden of establishing that they were entitled to qualified immunity for their actions (Doc. 43). For reasons detailed below, this Court hereby denies the Howsers' Motion to Dismiss

for lack of subject matter jurisdiction or failure to state a claim because under controlling circuit precedent the allegations in the complaint are sufficient to move beyond a Rule 12(b)(1) or 12(b)(6) motion to dismiss.

## II. Facts

The facts set forth in this Court's Order (Doc. 43) denying Defendants Quick and Adams' Motion to Dismiss are incorporated by reference. In essence, Plaintiff's complaint alleges that the Howsers acted in conspiracy with Quick and Adams to deprive her of custody of her child. Plaintiff alleges that the Howsers developed a plan with Quick and Adams as an end-run around state court custody proceedings that were proving unsuccessful as a mechanism for the Howsers to secure custody of Plaintiff's child.

## III. Legal Analysis

A motion to dismiss for lack of subject matter jurisdiction, brought pursuant to Federal Rule of Civil Procedure 12(b)(1) requires the Court to assess the jurisdictional basis for hearing a case. A challenge may be either factual or facial.

> A factual challenge contends that there is *in fact* no subject matter jurisdiction, even if the pleadings are formally sufficient. In reviewing a factual challenge, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists.
>
> In contrast, a facial challenge argues that the plaintiff has not sufficiently *alleged* a basis of subject matter jurisdiction. In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.

*Silha v. ACT, Inc.*, **807 F.3d 169, 173 (7th Cir. 2015) (emphasis in original, internal citations omitted).** A 12(b)(1) motion may be properly construed as a facial challenge if it alleges that plaintiffs lack sufficient factual allegations to establish standing, or if the pleadings are otherwise somehow plainly deficient. *See id.*

This Court accepts all factual allegations as true when reviewing a 12(b)(6) motion to dismiss. *Erickson v. Pardus*, **551 U.S. 89, 94 (2007).** At the motion to dismiss stage the Court is evaluating the sufficiency of the complaint, not the merits of the case. *Gibson v City of* **Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).** To avoid dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim sufficient to show entitlement to relief and to notify the defendant of the allegations made against him. **FED. R. CIV. P. 8(a)(2);** *Bell Atl. Corp. v. Twombly*, **550 U.S. 544, 555-57 (2007).** In order to meet this standard, a complaint must describe the claims in sufficient factual detail to suggest a right to relief beyond a speculative level. *Id.; Ashcroft v. Iqbal*, **556 U.S. 662, 678 (2009);** *EEOC v. Concentra Health Servs.*, **496 F.3d 773, 776 (7th Cir. 2007).** A complaint need not contain detailed factual allegations, *Scott v. Chuhak & Tescon, P.C.*, **725 F.3d 772, 782 (7th Cir. 2013)**, but it must go beyond "mere labels and conclusions" and contain "enough to raise the right to relief above the speculative level," *G&S Holdings, LLC v. Cont'l Cas. Co.*, **697 F.3d 534, 537-38 (7th Cir. 2012)**. Put another way, to survive a motion to dismiss "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together [. . .]

the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

A conspiracy claim need not be pled with Federal Rule 9(b) particularity, but conspiracy claims have historically been held to a higher pleading standard than others. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (discussing the conspiracy pleading standard in the context of an alleged conspiracy to deprive a parent of custody of her children); *Loubser v. Thacker*, 440 F.3d 439, 442-43 (7th Cir. 2006) (discussing the conspiracy pleading standard in the context of a Section 1983 claim). The heightened standard requires the plaintiff to allege the parties, the general purpose, and the approximate date of the conspiracy. *Loubser*, 440 F.3d at 443. The Seventh Circuit has found a conspiracy claim to be sufficiently stated even where the complaint was disjointed and the allegations of conspiracy were scattered throughout. *Id.* However, the Seventh Circuit has found that a general allegation of conspiracy against various participants in child custody proceedings was insufficient where the plaintiff simply alleged that a conspiracy existed without providing more specifics. *Cooney*, 583 F.3d at 971 ("The complaint in this case…is bereft of any suggestion, beyond a bare conclusion, that the remaining defendants were leagued in a conspiracy with the dismissed defendants. It is not enough that the complaint charges that 'Bischoff and Dr. Lyle Rossiter, with the aid of Judge Nordquist, Dan Cain, and Brian Klaung

**continued the ongoing violations of Plaintiff Deborah's Constitutional rights.' That is too vague.").**

In *Brokaw v. Mercer*, the Seventh Circuit considered a case with striking factual similarities to the case at bar where a child was suing local law enforcement, human services officials, court officials, and private citizens for conspiring to remove him from the custody of his parents. ***Brokaw v. Mercer Cnty.*, 235 F.3d 1000 (7th Cir. 2000)**. The child relied on Section 1983, and specifically asserted theories for relief under the Fourth Amendment, and based on substantive and procedural due process. *Id.* The *Brokaw* Court noted that, "[w]hile a private citizen cannot ordinarily be held liable under Section 1983 because that statute requires action under color of state law, if a private citizen conspires with a state actor, then the private citizen is subject to Section 1983 liability." *Id.* **at 1016**. *Brokaw* defined the following elements for a Section 1983 conspiracy claim: "that (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participants in joint activity with the State or its agents." *Id.* Stated another way, the *Brokaw* Court noted that allegations necessary to survive a motion to dismiss are the essential who, what, when, why, and how. *Id.*

Here, the Howsers argue that the Court has no subject matter jurisdiction over them because Plaintiff failed to adequately allege that they were acting under color of state law, as is required for a typical § 1983 case. The Howsers do not distinguish

whether this challenge is meant to be factual or facial, and the Plaintiff's response is not entirely clear on that either. The Court interprets the challenge as factual because the Defendants are not asserting that Plaintiff simply failed to put forth facts supporting jurisdiction, instead they appear to argue that the facts she did set forth do not sustain a finding of jurisdiction. Such a challenge is substantive, and warrants careful consideration. Yet with careful consideration, the Court finds that this issue is easily resolved by reference to *Brokaw*. **See *Brokaw*, 235 F.3d at 1016.**

In *Brokaw* the Seventh Circuit found that it was proper for a § 1983 claim to proceed against private citizen defendants on a theory that the defendants conspired with state actors. Plaintiff's allegations are on all-fours with *Brokaw* because she alleged that the Howsers conspired with Quick and Adams (a sheriff and a county attorney) to deprive her of custody of her child. Plaintiff alleged that the deprivation of rights took place in November 2014 in Lawrenceville, Illinois. She further alleged that the conspiracy arose to assist the Howsers in securing long-term custody of her child because the Howsers were facing difficulty accomplishing that goal in state court. The allegations are sufficient under the standard set forth in *Brokaw* to allow this case to proceed beyond a motion to dismiss because conspiracy is a valid legal theory to include private citizens in a § 1983 claim. What is more, Plaintiff's allegations go into detail about how (by arresting her and giving her child to the Howsers), why (to give the Howsers long-term custody), when (November 2014) and other particulars about

the alleged conspiracy, so the allegations are not too vague to imagine how jurisdiction exists over the parties.

The Howsers also argue that Plaintiff has failed to state a claim because she has not identified a plausible theory of relief, but the Court finds this argument fruitless in light of *Brokaw* and other Supreme Court precedent acknowledging certain fundamental rights to family unity. ***See e.g. Santosky v. Kramer*, 455 U.S. 745, 753 (1982) (finding that a New York state law setting a low standard of proof for termination of parental rights hearings was infirm in light of the fundamental liberty interest at stake for a parent concerned with the custody and care of a child); *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944) (acknowledging that the private realm of family life has many protections from intrusion by the state); *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923) (recognizing the right of a parent to make care and custody decisions as perhaps the oldest fundamental liberty interest recognized).** Taking the allegations made in the complaint as true, Plaintiff has identified enough factual information to proceed beyond the Howsers' motion to dismiss. As with the briefs on Defendants Quick and Adams' motions to dismiss, here the parties again seem to be ships passing in the night— focused excessively on certain aspects of the case like color of state law, or accurate briefing while ignoring others, like the need to flesh out the conspiracy theory. In any event, this Court finds the plain statement of the claim presented in the complaint is sufficient to put the Howsers on notice of the allegations made against them such that

they can develop their case as they see fit. Accordingly, the Defendants' Motion to Dismiss is hereby **DENIED**.

    **IT IS SO ORDERED.**

    DATED: April 27, 2017

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge
