IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JADE V. GREEN, | ) |
|  | ) |
|        Plaintiff, | ) |
|  | ) |
| vs. | )   Case No.   16-cv-863-SCW |
|  | ) |
| CHRIS QUICK, et al., | ) |
|  | ) |
|        Defendants. | ) |
|  | ) |

### MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On November 21, 2017, the Court held a discovery dispute conference with the parties. The following is a summary of the Court's findings and rulings made on the record at that hearing.

The parties' dispute revolves around subpoenas and written discovery requests issued, or sought to be issued, by Defendants Jack and Angela Howser ("Defendants"). First, Defendants seek to serve subpoenas on healthcare providers seeking mental health records for Plaintiff Green. Plaintiff objects, arguing that mental health records are irrelevant because Plaintiff does not claim she suffered mental health issues or psychological care stemming from the alleged violation of her rights. She argues that she merely claims she suffered from garden variety emotional distress. Plaintiff also argues that the subpoenas are untimely since the discovery period has closed. Defendants, however, point to an interrogatory answer by Plaintiff, wherein she

indicates that she suffered from Post-Traumatic Stress Disorder ("PTSD") and saw a counselor as a consequence of having her child taken from her.

Due to Plaintiff's interrogatory answer, the Court finds Plaintiff's mental health records to be relevant and within the scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Though the discovery period has closed, the Court will allow the subpoenas to be served. The subpoenas shall be made returnable to Plaintiff's counsel. Counsel shall review the documents, and for any documents he does not object to producing, he shall produce those documents within two weeks after receipt. If Plaintiff's counsel objects to producing any documents, or if he redacts documents, he shall inform Defendants' counsel of his objections. If Defendants take issue with Plaintiff's objections, then the parties shall meet and confer, and if the matter is not resolved at the meet and confer, the parties shall contact the Court to schedule a Discovery Dispute Conference.

Plaintiff also objects to certain requests for production of documents wherein Defendants seek discovery on divorce records from Josh Green. The Court finds that Josh Green's divorce records are irrelevant to the issue of whether Plaintiff's constitutional rights were violated by Defendants when her child was removed from her custody. Therefore, Plaintiff's objection to Defendants' requests seeking documents regarding Josh Green's divorce records is **SUSTAINED**.

**IT IS SO ORDERED**.
DATED: 11/27/2017

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge