IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JADE V. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  16-cv-863-SCW |
| | ) |
| JACK HOWSER and ANGELA HOWSER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On January 25, 2018, the Court held a Final Pretrial Conference, at which time it took up the Motions in Limine filed by both parties. The following is a summary of the Court's findings and rulings made on the record at that hearing.

1. **Plaintiff's Motions in Limine**

Plaintiff's Motion in Limine regarding the admissibility of the August 9, 2017 letter from defense counsel regarding settlement (Doc. 100) is **DENIED**. Plaintiff argues that this letter calls into question Defendants' motivations in pressing charges on a $200 check written by Plaintiff, which led to the arrest of the child and the physical possession of the child by Defendants. Defendants point to Federal Rule of Evidence 408, which precludes evidence of settlement negotiations, and argue that this letter does not fall under any of the exceptions laid out in the rule. The Court agrees with Defendants, and finds that this letter is not excepted under 408. *See* **FED.R.EVID. 408**.

Plaintiff's Second Motion in Limine (Doc. 101) is **GRANTED in part**. Plaintiff seeks to exclude certain evidence tending to show that the conditions in which the minor child was living were so bad that Defendants were justified in taking the actions they did. Defendants argue that this evidence is relevant to demonstrate their motivations and provide a background. The Court, however, finds that such evidence is not relevant. The following evidence is excluded for the purpose of demonstrating Defendants' motivations:

- Plaintiff's arrest and subsequent criminal proceedings for methamphetamine possession;
- Evidence that Plaintiff was "partying" at certain times rather than taking care of the minor child;
- Evidence as to the possible dangerous character of Plaintiff's boyfriend;
- That Plaintiff and/or her boyfriend injured the minor child; and
- The condition of the home where Plaintiff, her boyfriend, and the minor child resided.

Though these facts, if true, may have motivated Defendants in whatever attempts they may have made to obtain custody of the minor child, such motivations are not relevant. The fundamental question at issue is whether Defendants conspired with local and state authorities to violate Plaintiff's rights in depriving her of custody and possession of the minor child. Defendants' motivations are not relevant to that question. Plaintiff's bad behavior is not a defense to violating her rights.

The evidence listed above could potentially be relevant to the issue of damages, however. Should Plaintiff open the door, it is possible that some or all of this evidence could be permissibly used to impeach Plaintiff's testimony on the issue of damages. Should this issue arise during trial, the Court will address it then.

**2. Defendants' Motions in Limine**

Defendants' Motion in Limine regarding the exclusion of settlement negotiations (Doc. 110) is **GRANTED**. As discussed above, Federal Rule of Evidence 408 generally precludes the admission of evidence of settlement negotiations. Plaintiff has not demonstrated that any of such evidence in this case would fall under the exceptions laid out in 408(b). *See* **FED.R.EVID. 408(b)**.

Defendants' Motion in Limine seeking to bar the use of the terms "kidnapping" and "victim" (Doc. 107) is **DENIED**. If a jury finds that Defendants carried out the acts of which they are accused, then "kidnapping" would accurately reflect their conduct, and Plaintiff would indeed be a "victim" of having her constitutional rights violated. The Court does not find these terms unduly inflammatory or prejudicial under Federal Rule of Evidence 403.

Defendants' Motion in Limine seeking to bar mention of their ownership of The *Disclosure* newspaper (Doc. 106) is **DENIED in part**. Defendants argue that their ownership of the newspaper is not relevant to this matter. They acknowledge, however, that they intend to take the position that they are unable to pay a punitive damage award. Plaintiff argues, and the Court agrees, that Defendants' ownership of

The *Disclosure* is relevant to the issue of their ability to pay a punitive damage award. In addition, their ownership of the newspaper is also relevant to the question of whether Defendants threatened to publish nude photographs of Plaintiff in The *Disclosure*.

Defendants' Motion in Limine asking the Court to bar any reference to any nude photographs of Plaintiff that came into Defendants' possession (Doc. 108) is **DENIED**. Defendants ask the Court to preclude Plaintiff from testifying that they threatened to publish nude photographs of her that were in Defendants' possession, unless Plaintiff agreed to turn over possession of the minor child to Defendants. A key issue in this matter, however, is whether Plaintiff consented to Defendants taking possession of the child after Plaintiff's arrest on November 5, 2014. Defendants contend that Plaintiff gave such consent. Plaintiff contends that she did not give such consent, and would not, particularly given the threat to publish the photographs. As such, evidence that Defendants threatened to publish nude photographs of Plaintiff unless she relinquished possession of the minor child bolsters Plaintiff's testimony that she did not give consent and impeaches Defendants' testimony that consent was given, and therefore is relevant to the credibility of Plaintiff and Defendants.

Defendants' Motion in Limine seeking to bar evidence of actions to form part of the civil rights violation at issue prior to November 2, 2014 (Doc. 112) is **GRANTED in part and DENIED in part**. Plaintiff may present evidence relating to the civil rights violation beginning in September 2014 and going forward.

Defendants Motion seeking to bar evidence relating to punitive damages until a

prima facie showing of entitlement to such relief (Doc. 109) is **DENIED**.  Trial is not being bifurcated, and Plaintiff may raise evidence relating to punitive damages in her case in chief.

Defendants' Motion seeking to bar certain evidence of Defendants' character (Doc. 111) is **GRANTED**.  Evidence of Plaintiff's opinion of Defendants' mental and physical status, and nor is evidence that Angela Howser was in an abusive relationship leading to a nervous breakdown.  Evidence regarding the Defendants' personal relationships is also not relevant.

Defendants' Motion in Limine regarding other litigation between Plaintiff and Defendants (Doc. 113) is **WITHDRAWN**.

**IT IS SO ORDERED**.
DATED: 1/29/2018

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge