IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JADE V. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   16-cv-863-SCW |
| | ) |
| JACK HOWSER, and | ) |
| ANGELA HOWSER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**WILLIAMS, Magistrate Judge:**

On April 12, 2018, the Court held a hearing on Defendants' Motion for Stay of Execution of Judgment Pending Post-Trial Motions (Doc. 168).  The following is a summary of the Court's findings in rulings made on the record at that hearing.

Defendants seek a stay of execution of the judgment against them pursuant to Rule 62(b) of the Federal Rules of Civil Procedure.   That rule allows for such a stay "[o]n appropriate terms for the opposing party's security" when the moving party has filed, *inter alia*, a motion for judgment as a matter of law under Rule 50 or a motion for new trial or to alter or amend a judgment under Rule 59.  **FED.R.CIV.P. 62(b)**.   Here, Defendants have filed motions under both Rule 50 (Doc. 161) and Rule 59 (Doc. 162). Defendants seek a stay of enforcement of the judgment until the Court rules on these motions.

Plaintiff asks that if a stay is to be imposed Defendants should be required to put

up a bond. The Court agrees that some kind of security should be provided for. The Court has granted an extension of time by which Defendants may supplement their pending post-trial motions, (Doc. 164), and resolution of the motions may therefore take some time. Plaintiff is justified in her concern regarding security of funds to satisfy the judgment pending resolution of the post-trial motions. After discussing on the record Defendants' current financial status, the Court finds the measures ordered below to be appropriate and **ORDERS** the following:

- Defendants **SHALL NOT** dissipate any of their assets, real or personal, including by draining money out of the Disclosure newspaper and/or its owning entity. Defendants are prohibited from taking any action to reduce the value of any of their assets, real or personal.
- Defendants **SHALL** endeavor to keep the Disclosure newspaper operating as profitably as possible.
- Defendants **SHALL** provide to Plaintiff and to the Court an accounting of their assets. Defendants shall list every asset they own. This listing shall include, but shall not be limited to:
    - The liquid value of cash assets and where these assets are held;
    - Any ownership in, and the value of, investments in stocks, bonds, mutual funds, exchange traded funds, CDs, money market accounts, and any other type of cash investment;
    - Investments in real and personal property and their value;

- - The amount of revenue brought in and expenses paid by the Disclosure newspaper from December 2018 to February 20, 2018, and the amount of revenue brought in by the Disclosure newspaper and expenses paid from February 21, 2018 to the present.  For revenue, Defendants shall indicate the amount of revenue generated by subscriptions versus by all other income sources; and
  - The number of subscriptions of the Disclosure newspaper as of February 20, 2018 and the number of current subscriptions.  For this subscription information, Defendants shall indicate the number of paper subscriptions and online subscriptions, and shall also indicate the rate charged for each type of subscription.
- Defendants **SHALL** also provide to Plaintiff and to the Court copies of corporate documents demonstrating full ownership of the Disclosure.  Such documents shall include documents indicating the parent company of the disclosure and documents listing the shareholders in the parent company, as well as, the number of shares owned.
- Defendants **SHALL** provide to Plaintiff and to the Court the documents creating the trust which owns the properties at 5900 Otterbein Lane, Calhoun, IL 62419 and 311 N. Granger St., Harrisburg, IL 62946.
- If Defendants conveyed any assets referenced above in the last four months, they shall so indicate by listing each and every conveyed asset, to whom the asset was

      conveyed, the amount of compensation received, and provide any documents relating to the conveyance.

For any documents and information the Court has ordered provided to it, Defendants shall provide said documents and information no later than **April 26, 2018**.  For any documents and information to be sent to the Court, Defendants shall email the documents and information to the Court's proposed orders inbox.

      The Court reserves ruling on the Motion to Stay and takes Plaintiff's other requests for security, such as a bond, under advisement.   This matter is reset for hearing on the Motion to Stay on **May 1, 2018 at 11:00 a.m.** via telephone.

      The Court also took up Plaintiff's Motion for Set Off (Doc. 166).   Defendants did not object to setting off the amount of a judgment obtained by them against Plaintiff in state court in Saline County.   The Motion for Set Off is **GRANTED in part**.  The judgment in the case at-bar will be set off against the state court case, but the amount of the set off will be determined at a later date.

      **IT IS SO ORDERED**.
      DATED: 4/13/2018

                                                          */s/ Stephen C. Williams*
                                                          STEPHEN C. WILLIAMS
                                                         United States Magistrate Judge