IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JADE V. GREEN, ) | |
|               ) | |
|   Plaintiff, ) | |
|               ) | |
|   -vs- ) | No. 3:16-cv-863-SCW |
|               ) | |
| CHRIS QUICK, RUSSELL ADAMS, ) | |
| JACK HOWSER and ANGELA HOWSER, ) | |
|               ) | |
|   Defendants. ) | |

**RESPONSE TO THE UPDATED MOTION
FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES the Plaintiff, JADE V. GREEN, by her attorneys, HELLER, HOLMES & ASSOCIATES, P.C., and for her Response to the Updated Motion for Judgment as a Matter of Law, says:

This is an updated renewed motion under Federal Rules of Civil Procedure 50(b). The standard for the granting of this motion after trial is similar to the standard at the end of the Plaintiff's case and at the end of the evidence. In *Petit v. City of Chicago*, 239 F. Supp. 2nd 761, the Court said "That in ruling on a motion for judgment as a matter of law, the Court may not re-weigh the evidence, resolve conflicts in the testimony against the non-movant or override the jury's determination as to credibility of witnesses. Rather, the motion should be denied whenever there is evidence presented, combined with all the inferences permissibly drawn, that is legally sufficient to support the verdict when viewed in a light most favorable to the non-movant." At each of those previous junctures, the Court ruled that there was sufficient evidence from which a jury could find in favor of the Plaintiff. When the jury found what the Court found it could find, it is difficult to

see how the Defendant is entitled to relief under Rule 50(b).

While the Court has addressed each of the four issues which the motion raises as grounds for reversal, the Plaintiff comments on them, not to belabor the point but rather so that there can be no claim of waiver. It should be noted that the testimony of the Plaintiff alone is sufficient to overcome the renewed 50(b) motion. The defendants' motion does not recite the full evidence nor does it summarize it in the light most favorable to the plaintiff. The entire record should be considered in ruling on the motion. Again, the Court has heard the evidence and twice pointed to facts contrary to those cited in the motion.

A. That being said, there was evidence that the Plaintiff did not consent to the placement.

    1. <u>Testimony of Jade Green</u>

        On direct examination Jade Green testified that she did not provide consent to Jack or Angela Howser to take Evelyn on the night Jade was arrested. Page 82, Line 10-13. No one asked Jade if Jack could take Evelyn. Page 87, Line 17-18.

    2. <u>Testimony of James White</u>

        On direct examination James White testified that he never heard Jade tell anyone where she wanted to place the child. Page 216, Line 23-25.

    3. <u>Testimony of Kyle Gilmore</u>

        On direct examination Kyle Gilmore testified that he never heard Jade consent to Jack Howser taking Evelyn. Page 286, Line 8-10. Jade was displeased with Jack taking Evelyn. Page 285, Line 21-22, and expressed that displeasure at the very beginning of the conversation. Page 286-287, Line 24-2.

    4. <u>Testimony of Jack Howser</u>

On direct examination Jack Howser testified that he never asked Jade where Evelyn should go in the event Jade got arrested. Page 343, Line 12-15.

B. There was evidence that the taking of the child was not done in accordance with state statute.

1. <u>Testimony of Russell Adams</u>

   On direct examination Russell Adams testified that State's Attorney Christopher Quick told Adams to place Evelyn in protective custody with Jack and Angela Howser. Page 23, Line 4-10. However, during a normal custody determination DCFS would come and place the child. Page 44, Line 19-23. Adams only gave Jade a choice of Jack or DCFS, never informing Jade of her right to designate some other reasonable adult. Page 73, Line 1-7.

2. <u>Testimony of Jade Green</u>

   On direct examination Jade Green testified that Adams told her Evelyn was being placed in protective custody with Jack Howser who would come and pick her up. Page 88, Line 3-5. Jade was never given the option to place Evelyn with someone of her choosing. Page 89, Line 3-5.

C. There was evidence of an agreement between Jack and Angela Howser and one or more of the state officials.

1. <u>Testimony of Russell Adams</u>

   On direct testimony Russell Adams testified that state police officers would call the station's number if they needed to reach him, but Angela Howser called Adams on his personal cell phone when she needed help. Page 47, Line 6-10. This is the only time Adams can remember where a lay grandparent called him in the middle of the night at

his home to have him make an arrest and deliver a child to the grandparents. Page 66, Line 12-17. Adams was directed by State's Attorney Quick to place Evelyn into protective custody with Jack and Angela and if Jade wanted Josh Green to have the child DCFS would be called. Page 67, Line 14-21.

2. Testimony of Ryan Shoemaker

On direct examination Ryan Shoemaker testified that during his investigation he made a determination that the handling of Evelyn was not appropriate in terms of complying with the law. Page 162, Line 19-23. It also appeared to Shoemaker that the whole situation didn't seem right and that Chief White, Sheriff Adams, and State's Attorney Quick were active participants in what happened the night of the arrest. Page 169, Line 1-9.

3. Testimony of Jack Howser

On direct examination Jack Howser testified that James White called a meeting at his father's private place of business, and there was a caravan from the private place of business to the courthouse. Page 346, Line 11-21. During the arrest of Jade Green an officer told Jack that he could take Evelyn. Page 350, Line 16-18.

D. There was substantial evidence that Plaintiff's right to parent her child was interfered with.

1. Testimony of Jade Green

On direct examination Jade Green testified that from November 2nd to December 23rd she did not get to see Evelyn. Page 99, Line 6-12. After December 23rd Jade and the Howsers would alternate weeks with Evelyn. Page 99, Line 13-17. During all the court proceedings there were restrictions on Jade's parenting time and rights as a parent. Page

149, Line 15-18.

2. <u>Testimony of Josh Green</u>

On direct examination Josh Green testified that he never received any paperwork or information informing him where Evelyn was placed. Page 305, Line 9-15. Jade was hysterical and distraught from having Evelyn taken away in the middle of the night. Page 305, 18-22. The taking of Evelyn was a nightmare come true. Page 162, Line 9-10.

As it relates to the second point, it does not matter whether or not the Defendants were acting outside the ordinary scope of their official duties when they arrested her. The Plaintiff's claim was not that the arrest was illegal but that the placement of the child violated her due process and constitutional rights as a parent.

There is nothing different or new raised in this motion and the motion at the end of the evidence. For all of those reasons and for the reasons given by the Court in denying the earlier two motions, this motion should be denied.

                            JADE V. GREEN, Plaintiff

                            By _____/s/ H. Kent Heller_____
                                   H. KENT HELLER
                                   HELLER, HOLMES & ASSOCIATES, P.C.
                                   1101 Broadway Avenue, P.O. Box 889
                                   Mattoon, IL 61938
                                   TEL: 217-235-2700
                                   FAX: 217-235-0743
                                   E-Mail: kent@hhlawoff.com
                                   ARDC No. 1181009

### CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing was electronically

served this 29th day of May, 2018, to the following:

| | |
|---|---|
| Joseph A. Bleyer | jableyer@bleyerlaw.com |
| K. Rockney Bleyer | kbleyer@bleyerlaw.com |
| Douglas R. Heise | dheise@heylroyster.com; edwecf@exchange.heylroyster.com |
| Keith B. Hill | khill@heylroyster.com; edwecf@exchange.heylroyster.com; jgrabowski@heylroyster.com |
| Morgan E. Scroggins | scroggins_law@juno.com |
| Philip E. Baldwin | scroggins_law@juno.com |

                                      JADE V. GREEN, Plaintiff

By    / s/ H. Kent Heller_____
        H. KENT HELLER
        HELLER, HOLMES & ASSOCIATES, P.C.
        1101 Broadway Avenue, P.O. Box 889
        Mattoon, IL 61938
        TEL: 217-235-2700
        FAX: 217-235-0743
        E-Mail: kent@hhlawoff.com
        ARDC No. 1181009

Subscribed and sworn to before me
this 29th day of May, 2018.

/s/    Katherine J. Storm_____
        Notary Public

green 19529 5.29.18 response to the updated motion for judgment as a matter of law